SUN PRINTING & PUBLISHING ASS'N v. DELANEY et al.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

PRELIMINARY INJUNCTION—DISCRETION OF COURT.

    Under Code Civ. Proc. § 603, providing that where it appears from a complaint that plaintiff is entitled to judgment restraining defendant from the commission of an act which, during the pendency of the suit, will produce injury to him, an injunction may be granted to restrain it, the court at special term, in its discretion, may grant a preliminary injunction, where, from all the papers in the cause, it is apparent that the acts re-

strained are seriously injuring plaintiff's property, and he has no adequate remedy at law.

Appeal from special term, New York county.

Action by the Sun Printing & Publishing Association against John H. Delaney, individually and as president of Typographical Union No. 6, and others, to restrain the latter from injuring complainant's business and property. From an order granting a temporary injunction, defendants appeal. Affirmed, with modification.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William J. O'Sullivan, for appellants.
Franklin Bartlett, for respondent.

PER CURIAM. The complaint in this action alleges a conspiracy on the part of the defendants to injure the plaintiff in its business and property, and that, in pursuance of that purpose and design, they have done, and are now doing, certain specific acts, in consequence of which it is alleged the defendants have inflicted, and, unless restrained, will inflict, great and irreparable damage to the plaintiff in its business and property rights, and that the plaintiff has no adequate remedy at law, and asks that the defendants be perpetually enjoined from continuing the unlawful acts alleged. Upon the complaint, which was verified, and affidavits, a motion was made in the court for an order restraining the defendants during the pendency of the action from the commission of the acts referred to. In opposition to the motion the defendants submitted affidavits, but the court, at the conclusion of the hearing, in pursuance of section 603 of the Code of Civil Procedure, granted the injunction. This section provides that:

"Where it appears, from the complaint, that the plaintiff demands and is entitled to a judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff, an injunction order may be granted to restrain it."

The right to injunction pendente lite depended upon a question of fact to be determined by the court at special term from all the papers used upon the motion. From these papers it is apparent that the defendants are seriously injuring the plaintiff's property and business, and it is equally apparent that the continuance of the acts complained of will produce irreparable damage and injury to the plaintiff, for which there is no adequate remedy at law. It was, therefore, within the discretion of the court at special term to grant an injunction restraining the commission of the acts referred to until the action could be tried, and the right of the plaintiff to the final relief demanded determined. The question as to whether or not the plaintiff will be ultimately entitled to a judgment perpetually enjoining the defendants is not now before us. That question should be determined with deliberation and care, after a trial had, and not from affidavits used upon a motion of this character. Without, therefore, anticipating what may be disclosed or proven upon the trial, we think a case was presented which justified the court at special

term in enjoining the defendants. We are of the opinion, however, that the order is too broad, and for that reason it should be modified by inserting after the word "requesting," in the first paragraph or subdivision, the words, "in such manner as to express or imply a threat, intimidation, coercion, or force," and also by inserting the same words after the word "prevent," in the second paragraph or subdivision, and also by striking out all the fourth paragraph or subdivision; and, as thus modified, the order should be affirmed, without costs to either party.